IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL E. DEFER                                                                                            PLAINTIFF

V.                                                                                                          No. 3:06CV40-D-A

THE CITY OF WATER VALLEY, MISSISSIPPI                                                           DEFENDANT

OPINION GRANTING MOTION TO DISMISS

Presently pending before the Court is the Defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff filed this declaratory action and suit for damages on March 15, 2006, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. The Plaintiff is a citizen of Yalobusha County, Mississippi, and is currently employed by the Defendant City of Water Valley, Mississippi, as its fire chief.

On November 21, 2003, five City of Water Valley firefighters filed a civil lawsuit in this district against the Defendant. Those employees alleged that they were not properly compensated for overtime hours in violation of the Fair Labor Standards Act ("FLSA"). Another court in this district granted partial summary judgment in favor of the plaintiffs finding that the City of Water Valley's 29 U.S.C. § 207(k) compensation plan and sleep deduction policy were unlawful. As a result, the City of Water Valley altered its compensation plan and ceased deducting sleep time from firefighters. The City of Water Valley appealed this ruling to the Fifth Circuit Court of Appeals. On June 12, 2006, the Fifth Circuit reversed the lower court's ruling and expressly found that the City of Water Valley's compensation plan complied with the FLSA.

The Plaintiff alleges that as a result of the changes instituted by the City of Water Valley, he is now compensated less than three other firefighters. The Complaint states that it is a long-standing practice, policy, and standard operating procedure for a department head to receive more compensation than his subordinates. The Plaintiff alleges that the Defendant retaliated against him because of the lawsuit filed by his subordinates. In addition, the Plaintiff states that the Defendant has violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The Plaintiff alleges that all department heads are paid more than their subordinates except for him, thus violating his right to equal protection under the law. Finally, the Plaintiff sues for alleged breach of contract.

The Defendant City of Water Valley moves this Court to dismiss this action for failure by the Plaintiff to state a claim upon which relief can be granted. The Defendant argues that Plaintiff's pay was not affected. The Defendant argues that the Plaintiff cannot maintain a prima facie case of retaliation because he was never engaged in a protected activity. As to the Plaintiff's Equal Protection Claim, the Defendant argues that the Plaintiff is not a member of a protected class. The Defendant argues that the Plaintiff's breach of contract is overbroad. In addition, the Defendant argues that the Plaintiff's breach of contract claim was contingent upon the Fifth Circuit affirming the district court's ruling. Since the district court's ruling was reversed, no such claim lies under the FLSA. The Plaintiff failed to respond to the Defendant's motion to dismiss.

### B. *Standard of Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears

certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

*C. Discussion*

1. Retaliation Claim

The Fifth Circuit has stated that to present a prima facie case of retaliation a plaintiff must show: (1) he or she was engaged in an activity protected; (2) he or she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004). See Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003). To demonstrate the occurrence of an adverse employment action, a plaintiff must show he or she suffered an "ultimate employment decision." Davis, 383 F.3d at 319; See Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995). The Fifth Circuit has stated that ultimate employment decisions include actions affecting job duties, compensation, or benefits, and include hiring, granting leave, discharging, promoting, and compensating. See Banks, 320 F.3d at 575.

The Plaintiff's claim for retaliation fails on the first prong of presenting a prima facie case. The Plaintiff has failed to allege he was engaged in a protected activity. The Plaintiff did not file the original lawsuit, did not join the original lawsuit and has not filed any complaint prior to the City of Water Valley taking action to comply with the aforementioned district court's order. In addition, the Plaintiff has not suffered an adverse employment action. The Plaintiff was not demoted, fired, did not lose benefits, nor did the City of Water Valley cut his pay. The Plaintiff alleges only that he

earns less than some of his subordinates in light of the Defendant's new policy. Even if such a move by the Defendant qualified as an adverse employment act, there exists no causal link. The Plaintiff was never involved in a protected activity; therefore, any alleged adverse employment action fails the causation test. Therefore, the Court is of the opinion that the Plaintiff's retaliation claim is wholly without merit and shall be dismissed.

2.  Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982). Section 5 of the Fourteenth Amendment empowers Congress to enforce this mandate, but absent controlling congressional direction, the courts have devised standards for determining the validity of state legislation or official action that is challenged as denying equal protection. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439-40, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). The Supreme Court has devised a general rule which states that legislation and official actions are presumed valid and will be upheld so long as the legislation or official action is rationally related to a legitimate state interest. Id. Schweiker v. Wilson, 450 U.S. 221, 230, 101 S. Ct. 1074, 1080, 67 L. Ed. 2d 186 (1981). This general rule gives way when a statute or action classifies by race, alienage, or national origin. Id. at 440. Therefore, such classifications are subject to strict scrutiny and will only be sustained if they are narrowly tailored to serve a compelling governmental interest. Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996); Qutb v. Strauss, 11 F.3d 488 (5th Cir. 1993). The Courts also use similar oversight when state laws or state action impinge on personal rights or fundamental rights guaranteed under the Constitution. Id. There is no basis in law for the argument that the right to pursue one's chosen

profession is a fundamental right for the purpose of invoking strict scrutiny under the Equal Protection clause. Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993) (quoting Lupert v. California State Bar, 761 F.2d 1325, 1327 n.2 (9th Cir.), *cert. denied*, 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985)).

The Plaintiff's equal protection claim is wholly and completely without merit. The Plaintiff has not identified that he is a member of a protected class. In addition, the Plaintiff has not claimed he was treated differently because of race, gender, national origin, or alienage. Therefore, even if the Plaintiff could state he was treated differently he would only be entitled to rational basis review. The Defendant City of Water Valley took action to comply with a federal district court order. Thus, the Defendant's actions were rationally related to a legitimate governmental interest. The Court is of the opinion that the Plaintiff's equal protection claim is without merit and should be dismissed.

### 3. Breach of Contract

The Court finds that the Plaintiff's breach of contract claim is overbroad and unclear. In addition, the Plaintiff states that his breach of contract claim was conditional on the Fifth Circuit's affirmance of the district court's ruling. As well-noted, the Fifth Circuit reversed the district court and found the Defendant's compensation plan was valid. Therefore, the Court is of the opinion that the breach of contract claim is also without merit. The Plaintiff failed explain the basis of his breach of contract claim. Therefore, the Court will dismiss that claim as well.

In addition, the Plaintiff failed to respond to the Defendants' motion to dismiss. As such, the Court may grant the motion as unopposed when a party fails to respond. Unif. Local Rule 7.2(C)(2).

### *D. Conclusion*

Upon thorough review of the pleadings the Court is of the opinion that the Plaintiff's Complaint shall be dismissed for failure to state a claim. The Plaintiff has failed to present a prima

facie case for retaliation. In addition, the Plaintiff has failed to meet any element in presenting a equal protection claim. Finally, the Plaintiff's breach of contract claim is overbroad and was contingent upon a favorable ruling from the Fifth Circuit Court of Appeals. Since the Fifth Circuit's ruling went against the Plaintiff, his breach of contract claim fails. Therefore, the Court shall dismiss the Plaintiff's complaint.

    A separate order in accordance with this opinion shall issue this day.

    This the 6th day of November 2006.

/s/ Glen H. Davidson
Chief Judge